PER CURIAM.
We review by direct appeal a final judgment for plaintiffs entered pursuant to an order of the trial court directing a verdict for plaintiffs on the question of liability and a jury verdict on other issues. The *294 complaint alleged that defendant (appellant here) negligently operated its train so as to strike the minor plaintiff (appellee) as he was walking across defendant’s railroad tracks. Answer was filed denying negligence and pleading contributory negligence and the assumption of risk. Early in the trial plaintiffs indicated they would rely upon Section 768.05, Florida Statutes, F.S. A., which provides as follows:—
“A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.”
Defendant objected to any reliance on the statute and moved that the court hold it unconstitutional, which motion was denied. A perusal of the record indicates clearly that F.S. Section 768.05, F.S.A. was the guiding light throughout the trial. At the conclusion of plaintiffs’ case, the defendant and plaintiffs, each, moved for a directed verdict, whereupon the court entered its order directing a verdict upon the question of liability for plaintiffs and denying the motion of defendant. The cause proceeded and the jury returned a verdict for plaintiffs.
Appellant here contends that the order of the trial court refusing to strike down the statute is reversible error, and appellees contend there is sufficient evidence without benefit of it to support their verdict.
A careful examination of the record discloses the trial was had on the basis that the statute is valid and the early ruling upholding it permeated the entire trial. In this posture the dominant question before us is the constitutionality, vel non, of the statute. It is our view, and we hold, that F.S. Section 768.05, F.S.A., is unconstitutional and void for the reasons stated in our opinions in Georgia-Southern Railroad Company v. Seven-up Bottling Company (Fla.), 175 So.2d 39, and Atlantic Coast Line R. Co. v. Ivey, 148 Fla. 680, 5 So.2d 244, 139 A.L.R. 973.
Having thus held the statute void, it is our opinion and we hold that the ends of justice will be best served by a trial of the issues without the involvement of the aforesaid statute. Accordingly, the judgment is reversed and the cause remanded, with directions for a new trial and further proceedings not inconsistent with this opinion.
THOMAS, ROBERTS, O’CONNELL and CALDWELL, JJ., concur.
DREW, J., dissents with Opinion.
THORN AL, C. J., and ERVIN, J., dissent and agree with DREW, J.